**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Lekele (Guangzhou) Technology Co., Ltd., and Hongkong Feiwoshi Co., Limited,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Erik Joseph Diedrichsen and Riverbend Resources Inc.,<br><br>　　　　　Defendants. | **Civil Action No.: 26-cv-08474**<br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Lekele (Guangzhou) Technology Co., Ltd. ("LTC") and Hongkong Feiwoshi Co., Limited ("HFC") (collectively, "Plaintiffs") bring this Complaint against Erik Joseph Diedrichsen ("Diedrichsen") and Riverbend Resources Inc. ("RRI") (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.　　　This is an action for declaratory judgment of patent non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.　　　Plaintiffs seek relief in response to Diedrichsen's assertion that Plaintiffs' poultry feeder port product infringes U.S. Patent No. 12,642,252 B1 (the "'252 Patent"). A true and correct copy of the '252 Patent is attached as Exhibit A.

3.　　　On or about June 29 and June 30, 2026, Amazon notified each Plaintiff that Diedrichsen had initiated Amazon Patent Evaluation Express Proceeding No. 20952839971 ("APEX Proceeding") and asserted Claim 1 of the '252 Patent against Amazon Standard

1

Identification Number ("ASIN") B09BDB4DNS (the "Accused Product"). The Amazon notices and Diedrichsen's executed APEX Agreement are attached as Exhibit B.

4. Amazon advised Plaintiffs that it intends to remove the identified listing and materially identical variants unless the matter is resolved, Plaintiffs elect to participate in the APEX evaluation, or Plaintiffs file a federal declaratory-judgment action and provide Amazon with the complaint within the stated period.

5. Diedrichsen's APEX assertion places Plaintiffs' continuing importation, offering for sale, and sale of the Accused Product under an immediate and concrete threat of marketplace removal and patent-enforcement liability.

6. An actual, substantial, and justiciable controversy therefore exists between Plaintiffs and Defendants concerning whether the Accused Product infringes Claim 1 of the '252 Patent and whether Claim 1 is valid. Plaintiffs seek declarations resolving that controversy.

7. Plaintiffs' claims arise from the same APEX Proceeding, the same asserted patent and claim, the same ASIN, and the same accused product, and present common questions of law and fact.

## THE PARTIES

8. Plaintiff LTC is a company organized under the laws of the People's Republic of China, with an address at Room 201-E163, Nos. 13-15 Fujia Middle Street, Nansha District, Guangzhou, Guangdong 510000, China. LTC operates the Amazon storefront "Suplklz" under Seller ID A3BVUSQGCB216G.

9. Plaintiff HFC is a company organized under the laws of Hong Kong, with an address at Unit 8017, 19/F, Amtel Building, 144-148 Des Voeux Road Central, Central, Hong

2

Kong 999077. HFC operates the Amazon storefront "feiwoshiltd" under Seller ID A1M8YTF05GVDWV.

10. Both Plaintiffs offer ASIN B09BDB4DNS on the same Amazon listing and sell the same Accused Product. Both Plaintiffs were subjected to the same APEX Proceeding.

11. Defendant Diedrichsen is an individual residing at 45 River Street, West Bridgewater, Massachusetts 02379. Diedrichsen is identified on the face of the '252 Patent as its applicant and inventor, and he represented to Amazon that he is the owner of the '252 Patent and the Patent Owner initiating the APEX Proceeding.

12. Defendant RRI is a Massachusetts corporation with its principal place of business at 45 River Street, West Bridgewater, Massachusetts 02379. In prior verified complaints filed in this District, Defendants alleged that Diedrichsen is RRI's sole owner and President and that RRI is the exclusive licensee of products embodying patents asserted for the Poultry Pro Feeder product line. Defendants jointly commercialize and enforce intellectual-property rights concerning that product line. Upon information and belief, RRI has a direct commercial interest in the '252 Patent and its enforcement against competing feeder-port products, benefits commercially from the exclusion of competing products, and acts in concert with Diedrichsen in the enforcement of intellectual-property rights relating to the Poultry Pro Feeder product line.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, and under 28 U.S.C. §§ 2201 and 2202.

14. This Court may exercise personal jurisdiction over Defendants consistent with the Illinois long-arm statute and federal due process because Defendants have repeatedly and

purposefully directed patent-enforcement activities to this District, and the present controversy arises out of or relates to those activities.

15. Defendants jointly invoked this Court's jurisdiction as named plaintiffs in at least three prior patent-enforcement actions, including Case Nos. 1:24-cv-02773, 1:25-cv-05219, and 1:25-cv-10403.

16. Those actions concerned the same or closely related Poultry Pro Feeder product line and ornamental designs for poultry feeder ports, including U.S. Design Patent Nos. D1,014,867 and D1,021,277. The corresponding applications are identified in the cross-reference and related-application disclosures of the '252 Patent. Copies of the prior complaints are attached as Exhibit D.

17. Diedrichsen's current assertion of the '252 Patent through the APEX Proceeding follows and materially relates to Defendants' continuing judicial and extra-judicial enforcement activities concerning competing poultry feeder port products. The present controversy therefore materially relates to Defendants' prior forum-directed enforcement activities.

18. Plaintiffs cite the formal continuity and cross-reference records only to describe the relationship among Defendants' prior enforcement activities, products, and technologies. Plaintiffs do not admit that Claim 1 or any other claim of the '252 Patent is entitled under 35 U.S.C. § 120 to the benefit of the filing date of U.S. Design Application No. 29/735,857 or any other earlier application, and reserve all challenges to the asserted priority and continuity chain.

19. Since at least 2024, LTC has offered and sold the Accused Product identified by ASIN B09BDB4DNS to customers in Illinois. Removal of the listing threatens LTC's ability to make future sales to Illinois consumers.

20. On July 12, 2026, a Poultry Pro Feeder product offered through an Amazon storefront displaying the seller name "Riverbend Resources" was purchased for shipment to Chicago, Illinois. Upon information and belief, that storefront is operated by Defendant RRI. A true and correct copy of the order confirmation is attached as Exhibit C. In prior verified complaints, Defendants alleged under oath that Diedrichsen is RRI's sole owner and President.

21. Diedrichsen knew or reasonably should have known that his APEX enforcement would suppress the nationwide Amazon listing used to sell the Accused Product to Illinois consumers.

22. This controversy therefore arises out of and relates to Defendants' related Illinois enforcement activities, the present APEX Proceeding, and its threatened disruption of Illinois commerce.

23. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the controversy, including Defendants' related judicial enforcement activities and the commercial effects of the current enforcement, occurred or are continuing to occur in this District.

## FACTUAL BACKGROUND

24. The United States Patent and Trademark Office issued the '252 Patent, titled "Feeder Port," to Diedrichsen on June 2, 2026, from U.S. Patent Application No. 19/306,643, filed August 21, 2025.

25. The face of the '252 Patent identifies Application No. 19/306,643 as a continuation-in-part of Application No. 19/189,221, filed April 24, 2025, which is a continuation-in-part of Application No. 19/081,558, filed March 17, 2025. The specification also cross-references several earlier design applications.

26.     The continuity and cross-reference statements identified in the '252 Patent do not, standing alone, establish that Claim 1 is entitled to the benefit of any earlier filing date. Any such entitlement depends on whether each application necessary to the asserted chain satisfies 35 U.S.C. §§ 112(a) and 120 and provides adequate written-description support for the claimed invention as a whole.

27.     The effective filing date of Claim 1 is therefore disputed. Plaintiffs do not admit that Claim 1 is entitled to the May 26, 2020, filing date of U.S. Design Application No. 29/735,857, the filing date of any other design application, or any other asserted earlier date. Plaintiffs reserve the right to assert all priority, written-description, and continuity-chain challenges supported by the prosecution histories, application records, discovery, and further investigation.

28.     Diedrichsen executed the APEX Agreement as "Patent Owner," identified the Poultry Pro Feeder brand, asserted Claim 1 of the '252 Patent, and identified ASIN B09BDB4DNS as the Accused Product.

29.     Amazon transmitted notices concerning the same APEX Proceeding to both Plaintiffs and informed them that the listing and materially identical variants would be removed unless the dispute was timely resolved through retraction, litigation, or participation in APEX.

30.     Plaintiffs have not resolved the controversy with Defendants and elect to seek complete judicial resolution of non-infringement and invalidity rather than submit the controversy to the limited APEX procedure.

31.     Plaintiffs contend that the Accused Product does not satisfy every limitation of Claim 1 of the '252 Patent, either literally or under the doctrine of equivalents.

32.     Plaintiffs further contend that Claim 1 is invalid under 35 U.S.C. § 103 in view of prior art that qualifies under the proper effective-filing-date analysis. True and correct copies of

6

three principal references are attached as Exhibit E. Exhibit E is illustrative and non-exhaustive, and Plaintiffs may identify additional prior art, combinations, priority challenges, and invalidity grounds in accordance with this Court's Local Patent Rules. The references identified in Exhibit E provide a reasonable basis for Plaintiffs' contention that Claim 1 would have been obvious to a person of ordinary skill in the art.

33. U.S. Patent Application Publication No. US 2023/0404043 A1, published on December 21, 2023 and later issued as U.S. Patent No. 11,910,785 B2, discloses an automatic poultry feeding device having a holding barrel with an installation hole, a feeding port, a spacing or limiting ring, external threading, a fixing ring, and a sealing ring, with portions of the feeding port positioned on opposite sides of the barrel wall.

34. U.S. Design Patent Nos. D960,464 S and D988,614 S, issued on August 9, 2022 and June 6, 2023, respectively, depict known poultry feeder port configurations having tubular feeder bodies, open entry portions, annular mounting components, and curved or downward-directed outlet portions.

35. To the extent the proper effective filing date of Claim 1 is later than the applicable publication or patent dates of the Exhibit E references, those references qualify as prior art. Plaintiffs contend that U.S. Patent Application Publication No. US 2023/0404043 A1 (later issued as U.S. Patent No. 11,910,785 B2) and U.S. Design Patent Nos. D960,464 S and D988,614 S, considered alone or in combination with one another, the knowledge of a person of ordinary skill in the art, and other prior art, render the subject matter of Claim 1 obvious. A person of ordinary skill would have had reason to combine known feeder-port, threaded-retention, annular-mounting, and downward-outlet features to secure a poultry feeder port through a container wall, with a reasonable expectation of success.

36. The references identified in Exhibit E are not listed on the face of the '252 Patent. At minimum, they raise a substantial and concrete dispute concerning the patentability and non-obviousness of Claim 1. Their identification in this Complaint does not limit Plaintiffs' ultimate invalidity contentions.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. PATENT NO. 12,642,252 B1)

37. Plaintiffs restate and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

38. Diedrichsen has asserted that the Accused Product infringes Claim 1 of the '252 Patent. RRI has repeatedly joined Diedrichsen in enforcing related Poultry Pro Feeder intellectual-property rights and, upon information and belief, has a direct commercial interest in this controversy.

39. The Accused Product fails to satisfy every limitation of Claim 1 as properly construed and therefore does not literally infringe Claim 1.

40. The Accused Product also does not infringe Claim 1 under the doctrine of equivalents.

41. A real and substantial controversy exists between Plaintiffs and Defendants concerning infringement, and Plaintiffs are entitled to a declaration that the use, offering for sale, sale, and importation of the Accused Product do not infringe Claim 1 of the '252 Patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF CLAIM 1
## OF U.S. PATENT NO. 12,642,252 B1

42. Plaintiffs restate and incorporate by reference paragraphs 1 through 41 as if fully set forth herein.

8

43.     Diedrichsen has asserted that Claim 1 is valid, enforceable, and infringed. Upon information and belief, RRI has a direct commercial interest in continued enforcement of Claim 1 against competing feeder-port products.

44.     Claim 1 is invalid under 35 U.S.C. § 103 because its subject matter would have been obvious in view of prior art, including without limitation U.S. Patent Application Publication No. US 2023/0404043 A1 (later issued as U.S. Patent No. 11,910,785 B2), U.S. Design Patent Nos. D960,464 S and D988,614 S, the knowledge of a person of ordinary skill in the art, and other prior art, alone or in combination, subject to the proper effective-filing-date analysis.

45.     The effective filing date of Claim 1 is disputed. The formal continuity and cross-reference statements in the '252 Patent do not by themselves establish entitlement under 35 U.S.C. § 120. Plaintiffs do not admit that Claim 1 is entitled to the benefit of U.S. Design Application No. 29/735,857 or any other earlier application and reserve all challenges to the asserted priority and continuity chain.

46.     To the extent the three references identified in Exhibit E qualify as prior art, Plaintiffs contend that they, alone or in combination with one another, the knowledge of a person of ordinary skill in the art, and other prior art, render Claim 1 obvious. Plaintiffs will identify their detailed invalidity contentions and may rely on additional references, combinations, priority challenges, and invalidity grounds in accordance with this Court's Local Patent Rules.

47.     A concrete and justiciable controversy exists between Plaintiffs and Defendants concerning the validity of Claim 1, and Plaintiffs are entitled to a judicial declaration that Claim 1 is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1. A declaration that Plaintiffs' use, offering for sale, sale, and importation of the Accused Product do not infringe Claim 1 of the '252 Patent;

2. A declaration that Claim 1 of the '252 Patent is invalid under 35 U.S.C. § 103;

3. A permanent injunction, only to the extent necessary to effectuate and enforce the Court's declaratory judgment, restraining Defendants and persons bound under Federal Rule of Civil Procedure 65(d)(2) from asserting Claim 1 against Plaintiffs or the Accused Product contrary to the judgment, and requiring Defendants to take all actions reasonably necessary to effectuate the Court's judgment, including withdrawing the APEX complaint and providing Amazon with notice of the Court's judgment;

4. A determination that this is an exceptional case under 35 U.S.C. § 285 and an award of Plaintiffs' reasonable attorneys' fees;

5. An award of Plaintiffs' costs incurred in this action; and

6. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues so triable.


Dated: July 17, 2026

Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq.
alexander.warden@walflaw.com
(347) 420-0279
West Atlantic Law Firm, PLLC
104 West 40th Street, Suite 400
New York, NY 10018
Attorney for Plaintiffs

10